UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GSA Network, et al., | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:25-cv-04090 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES |
| | § | ESKRIDGE |
| | § | |
| Mike Morath, et al., | § | |
| | § | |
| Defendants. | | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

Plaintiffs Rebecca Roe, by and through her next friend, Ruth Roe, and Polly Poe (collectively, "Individual Plaintiffs") bring this Motion for Leave to Proceed Under Pseudonyms in order to protect their safety and privacy.

Because this lawsuit concerns deeply personal information that may lead to harassment or reprisal, the Individual Plaintiffs seek leave to proceed pseudonymously. Plaintiffs acknowledge that, under ordinary circumstances, Rebecca Roe would be identified in this litigation by her real initials, her mother would be identified by her full name in court filings, and Polly Poe would proceed under her real name. Here, however, each of the Individual Plaintiffs requires protections that go beyond the mere disclosure of their initials. Given that this lawsuit concerns highly politicized issues—a student's

right to associate with peers by joining clubs based on sexual orientation and gender identity, and educators' and students' ability to provide and receive information about topics concerning race, color, sexual orientation and gender identity—the Individual Plaintiffs ask that the Court provide an additional layer of protection for their personal safety. Plaintiffs have conferred with Defendants Houston ISD, Katy ISD, Plano ISD, and the Commissioner, and all Defendants are unopposed to this Motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 10(a) requires a complaint to name each of the parties, but courts are permitted "to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Although there is "no hard and fast formula for ascertaining whether a party may sue anonymously," *id.* at 186, courts may weigh the "maintenance of a party's privacy against the presumption of openness in judicial proceedings." *Doe v. CoreCivic, Inc*, No. 4:20-CV-01828, 2020 WL 3640058, at *1 (S.D. Tex. July 6, 2020) (Eskridge, J.).

In determining whether a plaintiff's privacy interests outweigh the public's interests in an open judicial proceeding, courts consider the totality of the circumstances, including: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; or (3) whether the plaintiff would be

2

compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution." *W.D.O. v. Harris Cnty. Sheriff Dep't*, No. CV H-05-2978, 2005 WL 8169263, at *2 (S.D. Tex. Dec. 5, 2005) (Rosenthal, J.) (quoting *Southern Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)). In "[a]pplying this balancing test, courts have permitted plaintiffs to use pseudonyms in three general types of situations: (1) when identification creates a severe and specific risk of retaliatory physical or mental harm, . . . (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," . . . and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution,". . . ." *John Doe Corp. v. Pub. Co. Acct. Oversight Bd.*, No. CV H-24-1103, 2024 WL 5275034, at *2 (S.D. Tex. June 10, 2024).

No single factor is dispositive, and courts should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Compact Info. Sys., Inc.*, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (original emphasis removed). Often, an analysis of one factor will involve considering another. *See, e.g.*, *Stegall*, 653 F.2d at 186 (blending the Fifth Circuit's three factors into one discussion).

## ARGUMENT

The totality of the circumstances weighs in favor of granting the Individual Plaintiffs' request to proceed through the use of pseudonyms. *First*, Ruth Roe is suing to challenge governmental activity that violates her child's constitutional rights. Polly Poe also brings this action to challenge governmental conduct that infringes upon her First and Fourteenth Amendment rights. *Second*, the prosecution of this case requires Roe to disclose intimate and private details about her child's life, including her child's school, activities, and sexual orientation. Similarly, litigating this case will necessarily require Poe to disclose deeply personal information, including her role as a club sponsor, private conversations she has with her students, and her views and practices as a teacher. And although, *third*, the Individual Plaintiffs are not admitting an intention to engage in criminal activity, Roe and Poe are nevertheless seeking to engage in speech and association now prohibited by the Texas Legislature through the law they seek to challenge, and Poe faces potential challenges to her educator certification if she is accused of violating the law. Identification of the Individual Plaintiffs in public court filings would also create "a severe and specific risk of retaliatory physical or mental harm" and "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *John Doe Corp.*, No. CV H-24-1103, 2024 WL 5275034, at *2.

### A. The litigation concerns information of a sensitive and highly personal nature.

In *Stegall*, the Fifth Circuit reversed a district court and held that three plaintiffs should have been allowed to proceed pseudonymously. 653 F.2d at 185. At issue was the constitutionality of a government policy that permitted prayer and Bible-reading exercises in Mississippi public schools. *Id.* at 181. The Fifth Circuit observed that, by bringing suit, the plaintiffs placed their religious beliefs—a "quintessentially private matter"—at issue. *Id.* at 186. Under those circumstances, the Fifth Circuit concluded it was error to deny the plaintiffs' motion to proceed pseudonymously, particularly because the plaintiffs could expect "extensive harassment and perhaps even violent reprisals" if their identities were disclosed to the local community. *Id.*

The personal and sensitive nature of Roe and Poe's beliefs and the similarly politicized nature of this case counsels in favor of a pseudonymous proceeding. For example, Rebecca Roe identifies as lesbian and queer. Courts have concluded that matters "such as birth control, abortion, homosexuality, transsexuality, mental illness, welfare rights of illegitimate children, and prayer and personal religious beliefs" constitute matters of the "utmost intimacy." *Compact Info. Sys.*, 2015 WL 11022761, at *4.[1] The "common thread

---

[1] Although *Compact Information Systems* used the term "transsexuality," Plaintiffs use "transgender" or "trans" when not quoting a

5

running through" these matters is "the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981). In challenging S.B. 12, Ruth Roe will have to discuss her daughter's sexual orientation when discussing her school activities and objections to S.B. 12. Similarly, Poe will be required to disclose personal information concerning her own personal identity and beliefs regarding race, sexual orientation, and gender identity, and will have to disclose her habits and practices as a teacher, as well as sensitive and private conversations she has with students. Given the high rates of discrimination, violent rhetoric, and physical violence against LGBTQ+ individuals, [2] the Court should take the necessary step of

---

case. *See* Gender Equity Res. Ctr., *Resources for Classrooms and Groups*, UC BERKELEY CTR. FOR EDUC. JUST. & CMTY. ENGAGEMENT, https://cejce.berkeley.edu/geneq/resources/publications-media-faqs/resources-classrooms-and-groups (last visited Aug. 21, 2025); *see also* Mere Adams, *Is There a Difference Between Being Transgender and Transsexual?*, HEALTHLINE (May 22, 2023), https://www.healthline.com/health/transgender/difference-between-transgender-and-transsexual

[2]   Ilan H. Meyer & Andrew R. Flores, *Anti-LGBT Victimization in the United States: Results from the National Crime Victimization Survey (2022–2023)*, The Williams Institute (Feb. 2025), https://williamsinstitute.law.ucla.edu/wp-content/uploads/Anti-LGBT-Violence-Feb-2025.pdf ("We found that LGBT people experienced 106.4 violent victimizations17 per 1,000 persons . . .compared with 21.1 per 1,000 among non-LGBT persons. . . . LGBT people experienced a higher rate of serious violence, defined as rape or sexual assault, robbery, or aggravated assault, than non-LGBT people (53.7 vs. 8.5 per 1,000), including higher rates of violence involving a weapon (27.4 vs. 5.7 per 1,000) and serious violence

safeguarding the Individual Plaintiffs' wellbeing.

Disclosure of the Individual Plaintiffs' full names or even real initials could expose them to harassment, stigmatization, or retaliation. If Ruth Roe were required to disclose her name and identity, it would be easy for the general public, the media, and others to uncover her daughter's identity and harm both Rebecca and Ruth. *See, e.g. C.M. v. United States*, 2021 WL 1822305, at *2 (W.D. Tex. Mar. 31, 2021) (granting father's request for anonymity to protect his son); *see Doe v. Heritage Acad., Inc.*, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (same). And the Fifth Circuit has specifically noted that "[t]he gravity of the danger posed by the threats of retaliation" must be "assessed in the light of the special vulnerability of [] child-plaintiffs." *Stegall*, 653 F.2d at 186; *Doe v. Eason*, 1999 WL 33942103, at *3 (N.D. Tex. 1999) ("Because a child is especially vulnerable, courts must assess the issue of anonymity in light of the special vulnerability of the child whose identity will necessarily be revealed by disclosure of the party."). Given that Rebecca is a minor and lesbian and therefore vulnerable to threats, harassment, and violence, the Court should allow both Rebecca and Ruth Roe to proceed under a pseudonym. Additionally, Polly Poe faces significant privacy

---

resulting in injuries (21.3 vs. 2.4 per 1,000). LGBT people were also more likely to experience violent hate crimes (6.4 vs. 0.7 per 1,000)" (internal citations omitted)).

7

concerns due to the sensitive political nature of the claims involving discussions of LGBTQ+ identity and race. These concerns are amplified by the fact that some teachers in Texas have recently been harassed, targeted, and threatened with violence because of issues relating to gender identity and sexual orientation in K-12 schools.[3] Like the plaintiffs in *Stegall* who sought protection from hostile public reaction, the Individual Plaintiffs seek to vindicate core rights in a political context fraught with potential social ostracism and personal harm.

### B. Defendants Will Suffer No Prejudice by Permitting the Individual Plaintiffs to Proceed Pseudonymously

None of the Defendants in this case will be prejudiced if the Individual Plaintiffs proceed under pseudonyms. Courts have held that where a plaintiff's identity is known to the defendant, and the motion to proceed pseudonymously is made to protect the plaintiff from the *public*, "there is little risk of unfairness" to the defendant and the motion can properly be granted. *Roe v. Doe*, 319 F. Supp. 3d 422, 430 (D.D.C. 2018); *Roe v. Patterson*, 2019 WL 2407380, at *5 (E. D. Tex. June 3, 2019); *Doe v. Univ. of Mississippi*, 2018 WL 1703013, at *4 (S.D.

---

[3]   *See, e.g.,* Ryan Chandler, *Wave of violent threats hits Texas schools*, KXAN (Sept. 18, 2024), https://www.kxan.com/news/texas/wave-of-violent-threats-hit-texas-schools/; Jo Yurcaba, *A trans teacher in Texas resigns after being targeted by conservatives online*, NBC News (April 2, 2025), https://www.nbcnews.com/nbc-out/out-news/trans-teacher-texas-resigns-targeted-conservatives-online-rcna199156.

Miss. Apr. 6, 2018). The Individual Plaintiffs seek to enter a protective order in this case and share their legal names and other personal information with Defendants and the Court, while still maintaining their pseudonymity with the general public.

## CONCLUSION

For these reasons, Plaintiffs Ruth and Rebecca Roe and Polly Poe request that the Court grant this motion to proceed pseudonymously.

Respectfully submitted,

*/s/ Brian Klosterboer*

| | |
|---|---|
| Shawn Thomas Meerkamper* | Brian Klosterboer, |
| California State Bar No. 296964 | attorney-in-charge |
| Megan Z. F. Noor* | TX Bar No. 24107833, |
| California Bar No. 359480 | SDTX No. 3314357 |
| Dale Melchert* | Charelle Lett |
| California Bar No. 362885 | TX Bar No. 24139900, |
| New York Bar No. 5366554 | SDTX No. 3908204 |
| TRANSGENDER LAW CENTER | Ashley Harris |
| P.O. Box 70976 | TX Bar No. 24123238, |
| Oakland, CA 94612 | SDTX No. 3879706 |
| Tel: 510-587-9696 | Sarah Corning |
| shawn@transgenderlawcenter.org | TX Bar No. 24144442, |
| megan@transgenderlawcenter.org | SDTX No. 3904827 |
| dale@transgenderlawcenter.org | Chloe Kempf |
| | TX Bar No. 24127325, |
| | SDTX No. 3852674 |
| | Thomas Buser-Clancy |
| Nicholas O. Kennedy | TX Bar No. 24078344, |
| Texas Bar No. 24087841 | SDTX No. 1671940 |
| M. Michelle Hartmann | Edgar Saldivar |
| Texas Bar No. 24032402 | TX Bar No. 24038188, |
| BAKER MCKENZIE LLP | SDTX No. 618958 |

1900 N. Pearl, Suite 1500
Dallas, TX 75201
Tel: (214) 978-3000
nicholas.kennedy@bakermckenzie.com
michelle.hartmann@bakermckenzie.com

Angela C. Vigil*
Florida Bar No. 38627
830 Brickell Plaza, Suite 310
Miami, FL 33131
Tel: (305) 789-8900
angela.vigil@bakermkenzie.com

Andrew P. Crousore*
California Bar #202195
600 Hansen Way
Palo Alto, CA 94304
Tel: (650) 856-5508
drew.crousore@bakermckenzie.com
John Treat*
California Bar #5696778
1025 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Tel: (310) 201-4728
john.treat@bakermckenzie.com

James A. Gilmore*
DC Bar #1736415
815 Connecticut Avenue, NW
Washington, DC 20006
Tel: (22)452-7000
james.gilmore@bakermckenzie.com


*Motion for pro hac vice pending or forthcoming

Adriana Piñon
TX Bar No. 24089768,
SDTX No. 1829959

ACLU FOUNDATION
OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax. (713) 942-8966
bklosterboer@aclutx.org
clett@aclutx.org
aharris@aclutx.org
scorning@aclutx.org
ckempf@aclutx.org
tbuserclancy@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

10

## CERTIFICATE OF CONFERENCE

Counsel has conferred with all parties about the relief requested by this Motion, and each Defendant is unopposed.

*/s/ Brian Klosterboer*
Brian Klosterboer

## CERTIFICATE OF COMPLIANCE

Per the Court's local rules, this Motion contains 1,842 words.

*/s/ Brian Klosterboer*
Brian Klosterboer

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September 2025, a copy of the foregoing document was served via the Court's electronic filing system to all counsel of record and will be emailed to any counsel who have not yet appeared.

*/s/ Brian Klosterboer*
Brian Klosterboer