IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GSA NETWORK; STUDENTS ENGAGED IN ADVANCING TEXAS; TEXAS AFT; REBECCA ROE, by and through her next friend RUTH ROE; ADRIAN MOORE, by and through his next friend, JULIE JOHNSON, and POLLY POE,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE MORATH, in an official capacity as COMMISSIONER OF THE TEXAS EDUCATION AGENCY; HOUSTON INDEPENDENT SCHOOL DISTRICT; KATY INDEPENDENT SCHOOL DISTRICT; and PLANO INDEPENDENT SCHOOL DISTRICT<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | C.A. No. 4:25-cv-04090 |

### DEFENDANT KATY INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION

Defendant Katy Independent School District (hereinafter "Katy ISD" or "KISD") submits the following Response to Plaintiffs' Amended Motion for Preliminary Injunction.

### POSITION ON MOTION FOR PRELIMINARY INJUNCTION

Defendant Katy ISD takes no position on Plaintiffs' Amended Motion for Preliminary Injunction.

Plaintiffs are pursuing First Amendment, Fourteenth Amendment, and Equal Access Act claims under 42 U.S.C. § 1983. Plaintiffs' Amended Motion for Preliminary Injunction argues that four provisions of Senate Bill 12 ("SB 12") are unconstitutional and requests the Court "to enjoin the enforcement of four provisions of Senate Bill 12 ("S.B. 12")" [Dkt. 33, p. 1]. *See also* Dkt. 33, p. 2 ("Plaintiffs seek to enjoin Defendants from enforcing four unconstitutional

1

aspects of S.B. 12.")

SB 12 is a law duly enacted by the Texas legislature and signed into law by Governor Greg Abbott. As argued in its Motion to Dismiss, Senate Bill 12 places mandatory requirements on each school district in the State of Texas, and Katy ISD does not have the discretion to decide whether to follow SB 12, or which provisions it may choose to follow. As the Texas Supreme Court has noted:

> The question, in the end, is who has the final say when the state government disagrees with a local government about how best to strike the balance between respecting the liberties of the People and attempting to reduce the spread of a contagious disease. …. Rarely in Texas law would a direct conflict between state authority and local authority be resolved in favor of local authority, and the statutes at issue do not dictate such an upside-down result here.

*Abbott v. Harris Cnty.*, 672 S.W.3d 1, 5–6 (Tex. 2023); *see also Erwin v. Dallas Cnty.*, No. 15-24-00013-CV, 2025 WL 2429525, at *6 (Tex. App. Aug. 22, 2025) ("[r]arely in Texas law would a direct conflict between state authority and local authority be resolved in favor of local authority.")

Plaintiffs' Amended Motion for Preliminary Injunction's arguments are directed at "the law," and not at any discretionary action by Katy ISD. [*See* Dkt. 33, p. 52 ("Based on the law's plain text, Houston ISD, Katy ISD, and Plano ISD are statutorily and mandatorily tasked with enforcing every challenged provision of S.B. 12.") Every reference to Katy ISD in the Amended Motion for Preliminary Injunction is to complain about its compliance with SB 12. As noted by Katy ISD in its Motion to Dismiss, even the complaints by Plaintiff Moore (Amended Motion for Preliminary Injunction, pp. 38-42) are about what SB 12 is requiring Katy ISD to do. [*See* Dkt. 33, p. 42 ("Adrian and his mom have repeatedly asked Katy ISD not to implement S.B. 12 in ways that erase his identity and discriminate against him and other students….")] Plaintiff Moore admits in the Amended Complaint that prior to SB 12, Katy ISD allowed Plaintiff Moore to:

- Use the student's gender-preferred name and pronouns (Dkt. 32, ¶¶ 151-152;

2

 161);

- Participate in the student's school's "Pride/Diversity Club" (¶¶ 154, 157-158);

- Wear gender-preferred clothing, and "sing and dress in accordance with his gender identity" (¶¶ 155-156);

- Discuss issue related to "race, gender identity and social transitioning" with the student's teachers at school (¶ 160).

Plaintiff Moore's allegations show that what the student is complaining about now has been caused not by a conscious policy decision of the Katy ISD Board, but rather solely because of the mandates of SB 12.

In accordance with the above, Defendant Katy ISD takes no position on Plaintiffs' Amended Motion for Preliminary Injunction. Katy ISD intends to comply with SB 12, but will comply with any injunctive order issued by the Court as to SB 12.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert
Christopher B. Gilbert
State Bar No. 00787535
cgilbert@thompsonhorton.com
Alexa Gould
Texas Bar No. 24109940
agould@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6714
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANT KATY INDEPENDENT SCHOOL DISTRICT**

## **CERTIFICATE OF SERVICE**

      On October 16, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                          By:   /s/ Christopher B. Gilbert
                                                                 Christopher B. Gilbert

.