IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GSA NETWORK, STUDENTS ENGAGED IN ADVANCING TEXAS, TEXAS AFT, REBECCA ROE BY AND THROUGH HER NEXT OF FRIEND, RUTH ROE, ADRIAN MOORE, BY AND THROUGH HIS NEXT FRIEND, JULIE JOHNSON, AND POLLY POE, | § § § § § § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | Civil Action No. 4:25-cv-04090 |
| MIKE MORATH, IN AN OFFICIAL CAPACITY AS COMMISSIONER OF THE TEXAS EDUCATION AGENCY, HOUSTON INDEPENDENT SCHOOL DISTRICT, KATY INDEPENDENT SCHOOL DISTRICT, AND PLANO INDEPENDENT SCHOOL DISTRICT, | § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT PLANO INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION**

Defendant Plano Independent School District files the following Response to Plaintiffs' Amended Motion for Preliminary Injunction [Dkt. 33].

**I.
INTRODUCTION**

1.1   Plaintiffs Polly Poe, GSA, and Texas AFT bring claims against the Plano Independent School District ("PISD") and others for violations of the First Amendment and the Equal Access Act. Dkt. 32, ¶¶ 205, 233, 269, 285, 291. In short, Plaintiffs allege that Texas Senate Bill 12 ("SB 12"), attached as Exhibit 1 to Plaintiffs' Request for Preliminary Injunction, offends the First Amendment and Equal Access Act by restricting Plaintiffs' ability to establish and

support student organizations "based on" gender identity, sexual orientation, and/or LGBTQ+ related issues, and to engage in speech pertaining to these topics. Dkt. 33, p 1-5. Plaintiffs contend that the challenged provisions of SB 12 discriminate based on viewpoint, are unconstitutionally vague and overbroad, restrict equal access to benefits based on viewpoint, and infringe upon Plaintiffs' rights to freedom of speech and assembly. Dkt. 32, ¶¶ 205, 233, 269, 285, 291. Relevant here, Plaintiffs seek a preliminary injunction that would enjoin the enforcement of the challenged provisions of SB 12.

1.2     PISD takes no position on the constitutionality or propriety of SB 12. The District does not support or oppose Plaintiffs' request for a preliminary injunction. Texas public schools did not ask to be battlegrounds for social issues fought through expensive and time-consuming litigation. PISD would rather expend its efforts educating and supporting children. To this end, PISD hopes only that this lawsuit **quickly** results in a clear proclamation of the law in a manner that is respectful and beneficial to all students and staff.

## II.
## PISD Does Not Support or Oppose Plaintiffs' Request for Injunctive Relief

2.1     As noted by Plaintiffs, SB 12 targets specific and controversial social issues such as "diversity, equity, and inclusion" initiatives, sexual orientation, gender identity, transgender rights, and sex-ed. Dkt. 33, Statement of Facts. Plaintiffs further explain that SB 12 requires Texas school districts to investigate reported violations of certain provisions of SB 12, and to discipline employees who engage in activities prohibited by SB 12. Id., p. 11 and FN 45. And, Plaintiffs allege that the Commissioner of Education, who is the chief executive of the Texas Education Agency, is tasked with enforcing the law. Id. pp. 49-50. In sum, PISD has no authority under state law to disobey the edicts of SB 12 absent the injunction sought by Plaintiffs.

2.2  As U.S. Supreme Court Chief Justice Burger once wrote, "No single tradition in public education is more deeply rooted than local control over the operation of schools; local autonomy has long been thought essential both to the maintenance of community concern and support for public schools and to quality of the educational process." *Milliken v. Bradley*, 418 U.S. 717, 741 (1974). Moreover, the Supreme Court has also "observed that local control over the educational process affords citizens an opportunity to participate in decision making, permits the structuring of school programs to fit local needs, and encourages 'experimentation, innovation, and a healthy competition for educational excellence.'" *Chiras v. Miller*, 432 F.3d 606, 611 (5th Cir. 2005) (quoting *San Antonio Indep. Sc. Dist. vi. Rodriguez*, 411 U.S. 1, 50 (1973)). However, in the years since these maxims were written, local control by elected school district boards of trustees has given way to countless federal and state mandates, many of which target "culture war" issues like those in SB 12. *See, e.g., Nathan v. Alamo Heights Indep. Sch. Dist.*, 2025 U.S. Dist. LEXIS 162056 (W.D. Tex. 2025) (enjoining 11 Texas school districts, including PISD, from displaying the Ten Commandments as required by Texas Senate Bill 10, a product of the same legislative session as SB 12). These divisive issues have inundated public schools in the last half-decade, exposing them to unnecessary controversy and litigation. *See, e.g., Oliver v. Arnold*, 19 F.4th 843 (5th Cir. 2021) (Justice Ho, concurring) ("It's a sad fact of modern life in America that the culture wars are no longer limited to skirmishes between elected officials on Capitol Hill or in our state capitals. They are increasingly fought by students and parents in classrooms and before school boards across America.") (citing numerous cases); *Ryan v. Grapevine-Colleyville Indep. Sch. Dist.*, 2023 U.S. Dist. LEXIS 41478, *2 (N.D. Tex. 2023) ("Throughout the summer and fall of 2021, the 'culture war' opened a new front—GCISD school board meetings.") (citing three newspaper articles).

2.3     Admittedly, in some of the cases cited above, the local school districts welcomed controversy over social issues and fanned the flames. But this case concerning SB 12 is not such an instance. PISD did not ask to be in this position – to be given the Hobson's choice of either (1) implementing a state law at the risk of running afoul of the First Amendment and Equal Access Act as alleged by Plaintiffs; or (2) refusing to implement SB 12 and facing discipline from the State. Nor did PISD ask to be subjected to this expensive and time-consuming lawsuit concerning a statute it did not author. Instead, the school district exists to teach students and serve families. The Plano Independent School District educates over 40,000 students across 10 different municipalities in North Texas. Its mission is to "educate, inspire, and empower every student to activate their unique potential in a dynamic world." See https://www.pisd.edu/about-our-district/strategic-plan.

2.4     PISD therefore respectfully requests this court consider the arguments set forth by the Commissioner and the Plaintiffs – the true litigants in this matter – and issue a clear order defining PISD's responsibilities under the law. To be clear, PISD is not refusing to participate in this action. It has filed an Answer admitting or denying the factual allegations alleged by Plaintiffs as required by Fed. R. Civ. P. 8(b) [Dkt. 55]. PISD is merely taking a neutral position, and agrees to be bound by any duly issued order of this Court or any reviewing court.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Lucas C. Henry*
**CHARLES J. CRAWFORD**
State Bar No. 05018900
**LUCAS C. HENRY**
State Bar No. 24101901
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
Phone: (214) 544-4000
Fax: (214) 544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANT PLANO INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify that on October 16, 2025, a true and correct copy of the foregoing was served on Plaintiffs' counsel through the Court's ECF system.

*/s/Lucas C. Henry*
Lucas C. Henry