IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GSA NETWORK, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-CV-04090 |
| MIKE MORATH, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HOUSTON INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION**

Defendant Houston Independent School District ("HISD") responds to Plaintiffs' Amended Motion for Preliminary Injunction, as follows:

Plaintiffs Students Engaged in Advancing Texas, Texas American Federation of Teachers, and Rebecca Roe (collectively, "Plaintiffs") have brought claims against the Houston Independent School District ("HISD") and others for alleged violations of the First Amendment and the Equal Access Act. First Amended Complaint (Dkt. 32) ¶¶ 206-208, 234-236, 270-272, 286, 292-294. Plaintiffs contend that certain challenged provisions of Senate Bill 12 from the 89th Regular Session of the Texas Legislature ("SB 12"), as attached as Exhibit 1 to Plaintiffs' Request for Preliminary Injunction, discriminate based on viewpoint, are unconstitutionally vague and overbroad, restrict equal access to benefits based on viewpoint, and infringe upon Plaintiffs' rights to freedom of association. *Id*. Plaintiffs seek a preliminary injunction that would enjoin the enforcement of the specific provisions of SB 12 they challenge and other affirmative relief.

Plaintiffs' arguments are directed at the language of SB 12, and not at any discretionary action taken independently by HISD. *See* First Amended Complaint (Dkt. 32) at ¶¶ 48, 149. Plaintiffs themselves allege that to their knowledge, HISD has not taken any action or enacted any

policy that they claim to be unconstitutional. *E.g.*, First Amended Complaint (Dkt. 32) ¶ 149. HISD has not taken any independent position on the constitutionality or propriety of SB 12, but HISD is obviously required to follow state law unless that law is amended or determined by a court with appropriate jurisdiction and authority to be unenforceable. HISD also currently remains subject to Texas Education Agency ("TEA") oversight through a TEA-appointed board of managers.

To that end and extent, HISD joins in the arguments regarding the proposed injunction advanced by Defendant Mike Morath, in his official capacity as Commissioner of the Texas Education Agency (the "Commissioner"). HISD also joins in the Commissioner's arguments so to avoid unwarranted expenditure of HISD resources and additional expenditure of resource by Plaintiffs' counsel or the Court.

In addition to the arguments against the proposed injunction advanced by the Commissioner, HISD also takes the respectful position that state law and HISD policies on campus access should and must be considered in the context of Plaintiffs' requested relief. State law—for obvious reasons—provides school districts with the flexibility to control access (in a content-neutral manner) to school campuses, both by parents and non-parents. *E.g.*, TEX. EDUC. CODE §§ 37.105, 38.022. HISD policy reflects such a content-neutral approach, which is especially important in the context of school safety.[1] It is unclear whether Plaintiffs are seeking a court order compelling access of non-parents including members of advocacy groups to HISD campuses, and if so on what (if any) conditions. As a result, to the extent necessary, HISD will advance the additional argument to the Court that any such request for compelled access to school campuses— over and above campus-access rules that apply to everyone—would violate state law. HISD will

---

[1] *See, e.g.*, Policy Code GKC – Community Relations: Visitors – Houston ISD Board Policy Manual - Policy Online (tasb.org).

also advance the argument that Plaintiffs have not met the requirements—either under their legal theories or the rules applicable to federal court injunctions—to obtain any such relief. *E.g.*, FED. R. CIV. P. 65(a), (d); *Clark v. Community for Creative Non-Violence*, 104 S. Ct. 3065, 3069 (1984) ("Expression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions.")

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
Eric.Nichols@butlersnow.com
J.R. Johnson
Texas Bar No. 24070000
JR.Johnson@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT HOUSTON INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify that on October 16, 2025, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols