IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GSA NETWORK; STUDENTS ENGAGED IN ADVANCING TEXAS; TEXAS AFT; REBECCA ROE, by and through her next friend RUTH ROE; ADRIAN MOORE, by and through his next friend, JULIE JOHNSON, and POLLY POE, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>MIKE MORATH, in an official capacity as COMMISSIONER OF THE TEXAS EDUCATION AGENCY; HOUSTON INDEPENDENT SCHOOL DISTRICT; KATY INDEPENDENT SCHOOL DISTRICT; and PLANO INDEPENDENT SCHOOL DISTRICT <br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § | C.A. No. 4:25-cv-04090 |

## DEFENDANT KATY INDEPENDENT SCHOOL DISTRICT'S REPLY TO PLAINTIFFS' RESPONSE TO KATY ISD'S MOTION TO DISMISS

Defendant Katy Independent School District (hereinafter "Katy ISD" or "KISD") files its Reply to Plaintiffs' Response to Katy ISD's Motion to Dismiss, and would respectfully show the Court as follows:

1.　Plaintiffs respond to Defendant Katy ISD's Motion to Dismiss in their Response to Defendant Morath and Katy ISD's Motions to Dismiss and Reply in Support of the Amended Motion for Preliminary Injunction (Dkt. 63) (hereinafter "Plaintiffs' Response). Plaintiffs' arguments largely ignore the lesson of *Monell v. City of New York*, 436 U.S. 658 (1978) and its progeny, which is that a local government entity can only be held liable for its own actions: "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980) then answered the question of whose policy decisions implicate *Monell* when the local government entity is not acting independently, but is only responding to the requirements of a state law:

> The narrow authority delegated to the county judge in section 4.28, however, bears no relation to his traditional role in the administration of county government or to the discretionary powers delegated to him by state statute in aid of that role. Instead, his duty in implementing section 4.28, much like that of a county sheriff in enforcing a state law, may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute, for which the citizens of a particular county should not bear singular responsibility.

*Id*. at 404.

2. Plaintiffs' discussion of *Familias Unidas* is overly simplistic. They rely heavily on the fact that the Fifth Circuit found that the school district in that case was still liable under *Monell*, without analyzing why the Court drew a distinction between the school district and the county judge, who the Court found was not subject to *Monell*. It all comes down to discretion:

> …the particular statute authorizing the judge to act also so narrowed his discretion that, with respect to the subject matter in question, he was effectuating the policy of the State of Texas, not making policy under a standardless grant of authority. The responsibility of the justice of the peace in determining ownership of a vehicle alleged to have been stolen is similarly circumscribed by state law.

*Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988)1222 (citing *Familias Unidas*, 619 F.2d at 404). In other words, if a school district exercises discretion in how it implements or applies a state statute, then it could still be held liable under *Monell* for making its own policy decisions. But if the policymaker (*i.e.* the school board) is simply following a state statute over which it has no discretion, then any deprivation or constitutional violation caused by the board's actions is attributable to the state, and not to the school district. *See also N.N. v. Madison Metropolitan Sch. Dist*., 670 F.Supp.2d 927, 941 (W.D. Wis. 2009) ("…a municipality cannot be held liable under

§ 1983 for efforts to implement a state mandate when the plaintiff cannot point to a separate policy choice made by the municipality.")

3. This is what happened in *Familias Unidas* itself: the statute that addressed the compelled disclosure of membership lists of organizations alleged to be interfering with the peaceful operations of the public schools did not require the school district to ask that any organization generally, or that Familias Unidas specifically, be required to disclose its members. Rather, the school board exercised discretion when it voted to ask the county judge to order Familias Unidas to disclose its members. *See Familias Unidas*, 619 F.2d at 404 ("The request for implementation of section 4.28, voted by the Board of Trustees, certainly represents official policy of the Hondo Independent School District, and, therefore, the district is liable to Torrez for nominal damages based on the implementation of that policy.") But the Fifth Circuit interpreted the statute to require the county judge to issue the subpoena when asked to do so by the school district; he had no discretion to say "no." *See id.* ("The narrow authority delegated to the county judge in section 4.28, however, bears no relation to his traditional role in the administration of county government or to the discretionary powers delegated to him by state statute in aid of that role. Instead, his duty in implementing section 4.28…may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute, for which the citizens of a particular county should not bear singular responsibility.") So the school district was liable for making a discretionary decision to ask that the statute be implemented, but the county was not liable simply because the judge issued a subpoena mandated by the statute.

4. Here, there is nothing discretionary about SB 12. It was not even the choice of Katy ISD to adopt the "policy" that they did adopt – they were ordered to do so by SB 12: "The board of trustees of a school district **shall adopt a policy** prohibiting an employee of the district from assisting a student enrolled in the district with social transitioning…." TEX. EDUC. CODE

§ 11.401(b) (emphasis added); *see also* TEX. EDUC. CODE § 11.005(c) ("A school district ***shall adopt a policy*** and procedure for the appropriate discipline, including termination, of a district employee or contractor who intentionally or knowingly engages in or assigns to another person diversity, equity, and inclusion duties.")  Although Plaintiffs claim that Katy ISD "made a deliberate choice on how to *interpret and implement* S.B. 12" (Dkt. 63, p. 19 (emphasis added)), they never explain how Katy ISD was interpreting any specific provisions of SB 12.  More importantly, while the Amended Complaint alleges that Katy ISD "interpreted" SB 12 to require it to ban name changes, "even in defiance of parents' wishes and explicit permission" (Dkt. 32, ¶ 163), Katy ISD discussed at length in its Motion to Dismiss how the language of SB 12 prohibiting changing names for purposes of social transitioning is clearly mandatory under TEX. EDUC. CODE § 11.401(a)&(b), and how there is nothing in SB 12 that would give parents the ability to grant permission to schools or school districts to use names or pronouns that would otherwise violate SB 12. (*See* Dkt. 53, pp. 11-12).  Plaintiffs do not respond to this in any way; they certainly do not explain how gender-transitioned names may still be used under SB 12, or point to any language in SB 12 that could be construed as a parental permission exception.

    5.     All of the relevant provisions of SB 12 are mandatory.  Katy ISD had no choice but to comply with them, and therefore under *Familias Unidas* and its progeny, the Katy ISD resolution "may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute, for which the citizens of a particular [school district] should not bear singular responsibility." *Familias Unidas*, 619 F.2d at 404.  Katy ISD should be dismissed from this lawsuit.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert
Christopher B. Gilbert
Texas Bar No. 00787535
cgilbert@thompsonhorton.com
Alexa Gould
Texas Bar No. 24109940
agould@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6714
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANT KATY INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

On November 11, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: /s/ Christopher B. Gilbert
Christopher B. Gilbert