IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GSA NETWORK, STUDENTS ENGAGED IN ADVANCING TEXAS, TEXAS AFT, REBECCA ROE BY AND THROUGH HER NEXT OF FRIEND, RUTH ROE, ADRIAN MOORE, BY AND THROUGH HIS NEXT FRIEND, JULIE JOHNSON, AND POLLY POE, § § § § § § § § § § | |
| *Plaintiffs*, § § | |
| vs. § § | Civil Action No. 4:25-cv-04090 |
| MIKE MORATH, IN AN OFFICIAL CAPACITY AS COMMISSIONER OF THE TEXAS EDUCATION AGENCY, HOUSTON INDEPENDENT SCHOOL DISTRICT, KATY INDEPENDENT SCHOOL DISTRICT, AND PLANO INDEPENDENT SCHOOL DISTRICT, § § § § § § § § § | |
| *Defendants*. § | |

**DEFENDANT PLANO ISD's STATEMENT OF POSITION
And REQUEST FOR CERTIFICATION TO THE ATTORNEY GENERAL OF TEXAS
PURSUANT TO FED. R. CIV. P. 5.1(b)**

In compliance with this Court's Order, Dkt. 89 at p. 43, Defendant, the Plano Independent School District ("Plano ISD" or "PISD"), files this Statement of Position.

**I.  BRIEF PROCEDURAL HISTORY**

1.1  Poe is a high school teacher employed by Plano ISD. Dkt. 32, ¶ 172. Poe is a member of Texas AFT, a school employee labor union. *Id.* at ¶¶ 123, 172. GSA Network is a nonprofit organization that advocates for the rights of LGBTQ+ youth alongside clubs in its network. Dkt. 32, ¶ 70. In this suit, GSA Network, Poe, and Texas AFT allege that Plano ISD

enacted policies to comply with Texas Senate Bill 12 ("SB 12," enacted in 2025) that violate the United States Constitution and the Equal Access Act. See Dkt. 32, § IV.

1.2   Plano ISD filed its Original Answer on October 16, 2025, responding to each of Plaintiffs' factual allegations by admitting, denying, or stating that it lacked sufficient information to admit or deny each. Dkt. 55. In response to Plaintiffs' Amended Motion for Preliminary Injunction, Plano ISD submitted a Response taking "no position on the constitutionality or propriety of SB 12" and indicating that Plano ISD did not support or oppose the Plaintiffs' request for injunctive relief. Dkt. 56.

1.3   The Court heard Plaintiffs' Motion for Preliminary Injunction and subsequently issued an order enjoining Plano ISD and the other defendant school districts (Houston ISD and Katy ISD) from "implementing policies pursuant to Sections 3, 7, 24, and 27 of SB 12." Dkt. 90. Furthermore, the Court ordered the ISDs to "file a statement of position within fourteen days as to whether they intend to defend SB 12 and their actions enforcing it, or whether they will seek representation from the Office of the Attorney General. See Texas Education Code §11.151(e) (allowing school districts to request assistance of Attorney General on legal matters); Texas Government Code §402.010 (establishing procedure for notifying Attorney General of challenge to constitutionality of state law)," or identifying "another course altogether." Dkt. 89 at p. 3.

1.4   In compliance with the Court's Order, Plano ISD files this Statement of Position and Request for Certification to the Attorney General of Texas Pursuant to Fed. R. Civ. P. 5.1(b).

## II.   STATEMENT OF POSITION

2.1   Plaintiffs challenge only certain portions of sections 3, 7, 24, and 27 of SB 12. This Statement of Position therefore does not address SB 12's other provisions.

2.2     Plano ISD avers that the following sections of the Texas Education Code, as amended by SB 12, do not violate federal law or the United States Constitution:

- Tex. Educ. Code § 11.005(a)(1) through Tex. Educ. Code § 11.005(a)(2)

    These provisions define prohibited "diversity, equity, and inclusion duties" to include hiring practices and school policies that discriminate on the basis of protected characteristics. Such practices and policies are already prohibited by federal law (Title VI and Title VII).

- Tex. Educ. Code § 11.005(e)

    This provision simply limits the operative provisions of § 11.005.

- Tex. Educ. Code § 33.0815(a)

    This provision permits school districts to authorize or sponsor student clubs. It violates no law.

- Tex. Educ. Code § 33.0815(c)

    This provision requires school districts to obtain parental permission before a student can participate in a student club. This provision violates no law. Plano ISD endorses this requirement because it promotes parental rights and parental involvement in their child's education. As such, PISD would implement this policy even in the absence of SB 12.

2.3     Plano ISD avers that the following sections of SB 12 challenged by Plaintiffs violate federal law (including the Equal Access Act)[1] and/or the First Amendment to the United States Constitution:

---

[1] See 20 USCS § 4071(a) ("It shall be unlawful for any public secondary school which receives Federal financial assistance and which has a limited open forum to deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting within that limited open forum on the basis of the religious, political, philosophical, or other content of the speech at such meetings.")

- Tex. Educ. Code § 11.005(a)(3)

    This provision defines prohibited "diversity, equity, and inclusion duties" to include "developing or implementing policies, procedures, trainings, activities, or programs that reference race, color, ethnicity, gender identity, or sexual orientation" except in specified circumstances.

    As Plaintiffs point out, this definition is vague and provides insufficient guidance for school districts to understand what programs are prohibited. As such, it likely infringes upon speech protected by the First Amendment. Moreover, the prohibition against implementing an activity that references race, color, gender identity, or sexual orientation likely violates the Equal Access Act by prohibiting school employees from sponsoring clubs based upon students' viewpoints.

- Tex. Educ. Code § 11.401 and Tex. Educ. Code § 11.402;

    § 11.401 requires Texas school districts to adopt and enforce policies that prohibit assisting students with "social transitioning" which is defined as "a person's transition from the person's biological sex at birth to the opposite biological sex through the adoption of a different name, different pronouns, or other expressions of gender that deny or encourage a denial of the person's biological sex at birth." Under § 11.402, parents may seek relief for a violation of § 11.401 by filing a formal grievance with the school district. These sections are vague and provide insufficient guidance for a school district and its employees to understand what conduct is prohibited. As such, they likely infringe upon speech protected by the First Amendment. For

example, it is often difficult or impossible for a teacher to tell when a student's chosen nickname is an "adoption of a different name" to "deny … the person's biological sex at birth" or simply a nickname for the sake of brevity (ex: if Patricia chooses to go by Pat, may a teacher call the student Pat, or would doing so be "assisting" a student with "social transitioning"?). This provision is also vague because the definition of "social transitioning" includes the act of transitioning from one biological sex to another. However, sex "is an immutable characteristic determined solely by the accident of birth." *Frontiero v. Richardson*, 411 U.S. 677, 686 (N.D. Tex. 1973); *see also Texas v. Cardona*, Civil Action No. 4:23-cv-00604-O, 2024 U.S. Dist. LEXIS 103452, at *87 (N.D. Tex. June 11, 2024) (quoting *Frontiero*). As such, it is impossible to understand what act would constitute "assisting" with "social transitioning" if sex is indeed immutable as the Supreme Court has ruled.

- Tex. Educ. Code § 28.0043;

    This section prohibits school districts like Plano ISD from providing, or allowing others to provide "instruction, guidance, activities, or programming regarding sexual orientation or gender identity to students enrolled in prekindergarten through 12th grade."

    This provision would likely prohibit a range of activities protected by the First Amendment and the Equal Access Act. For example, it would prohibit Plano ISD from approving ("allowing others to provide") a student club that

discusses topics such as sexual orientation (viewpoint), in violation of the Equal Access Act and students' First Amendment rights to free speech.

- Tex. Educ. Code § 33.0815(b).

    This section prohibits school districts from "authoriz[ing] or sponsor[ing] a student club based on sexual orientation or gender identity."

    This provision would likely prohibit a range of activities protected by the First Amendment and the Equal Access Act. For example, it would prohibit a Plano ISD employee from sponsoring student clubs based on the subject matter discussed at those clubs' meetings (viewpoint).

2.4     Based upon the agreement of Plano ISD, GSA Network, Polly Poe, and Texas AFT, Plano ISD requests the Court GRANT its Joint Motion for Entry of Agreed Judgment and Permanent Injunction [Dkt. 93] and enter the Agreed Motion and Permanent Injunction filed therewith [Dkt. 93-1].

### III.     REQUEST FOR CERTIFICATION BY THE COURT

3.1     Pursuant to Fed. R. Civ. P. 5.1(b), the "Court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned" under the US Constitution. Fed. R. Civ. P. 5.1(b). Here, Plaintiffs challenge the constitutionality of certain provisions of SB 12 (and, as shown above, Plano ISD agrees with Plaintiffs). See Dkt. 32. Under 28 U.S.C. §2403(b), the appropriate Attorney General to receive notice pursuant to Fed. R. Civ. P. 5.1(a) is the Attorney General for the State of Texas. Accordingly, Plano ISD hereby requests this Court exercise its mandatory duty to provide notice to the Attorney General for the State of Texas that Plaintiffs have challenged certain Sections 3, 7, 24, and 27 of SB 12 under the US Constitution.

## IV. PRAYER

4.1 Plano Independent School District requests this Court accept this Statement of Position, Certify a Constitutional Question to the Attorney General as required by Fed. R. Civ. P. 5.1(b) and 28 U.S.C. §2403, GRANT the Joint Motion for Agreed Judgment and Permanent Injunction filed by Plano ISD, Polly Poe, GSA Network, and Texas AFT, and GRANT Plano ISD all other relief to which it is entitled.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Lucas C. Henry*
**CHARLES J. CRAWFORD**
State Bar No. 05018900
**LUCAS C. HENRY**
State Bar No. 24101901
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
Phone: (214) 544-4000
Fax: (214) 544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANT PLANO INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify that on March 11, 2026, a true and correct copy of the foregoing was served on Plaintiffs' counsel through the Court's ECF system.

*/s/Lucas C. Henry*
Lucas C. Henry