# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **GSA NETWORK, STUDENTS ENGAGED IN ADVANDING TEXAS**, **REBECCA ROE**, by and through her next friend, **RUTH ROE**, and **POLLY POE**,<br>    *Plaintiffs*,<br><br>v.<br><br>**MIKE MORATH**, in his official capacity as Commissioner of the Texas Education Agency, **HOUSTON INDEPENDENT SCHOOL DISTRICT, KATY INDEPENDENT SCHOOL DISTRICT, and PLANO INDEPENDENT SCHOOL DISTRICT**,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:25-cv-04090-CE** |

## STATE OF TEXAS'S MOTION TO INTERVENE

The State of Texas (the "State") files this Motion to Intervene in the above-referenced lawsuit. Plaintiffs complain that Texas S.B. 12, 88th Reg. Sess. (2025) ("SB 12"), codified in several different places within the Texas Education Code, including Tex. Educ. Code §§ 1.007, 11.005, 11.401, 28.0043, and 33.0815, constitutes viewpoint discrimination in violation of the First Amendment, Dkt. 32 at 80, burdens Plaintiffs' constitutionally protected speech, *Id.* at 82, is unconstitutionally vague in violation of the First and Fourteenth Amendments, *Id.* at 91, is overbroad in violation of the First and

Fourteenth Amendments, *Id.* at 103, violates the Equal Access Act, 20 U.S.C. § 4071(a), *Id.* at 109, violates the First Amendment right of association, *Id.* at 111, and is an unconstitutional prior restraint under the First Amendment, *Id.* at 113. The State files this Motion to Intervene in opposition to the relief sought in Plaintiffs' First Amended Original Complaint as Plaintiffs are challenging the constitutionality of SB 12.

## INTRODUCTION

With overwhelming legislative support, Governor Abbott signed Senate Bill 12 into law on June 20, 2025, and it became effective September 1, 2025. Tex. S.B. 12, 89th Leg., R. S. (2025); *see also,* House Journal, 89th Leg., R. S., 2025, at 7393. S.B. 12 defines curriculum provisions, reaffirms parental rights and prohibits specific practices at public elementary or secondary schools as well as schools operating under a charter under Chapter 12 of the Texas Education Code. Tex. Educ. Code § 1.007. As recognized in S.B. 12, "[t]he fundamental rights granted to parents by their Creator and upheld by the United States Constitution, the Texas Constitution, and the laws of this state, including the right to direct the moral and religious training of the parent's child, make decisions concerning the child's education, and consent to medical, psychiatric, and psychological treatment of the parent's child under Section 151.001, Tex. Fam. Code, may not be infringed on by any public elementary or secondary school or state governmental entity, including the state or a political subdivision of the state." Tex. Educ. Code § 1.009. Because of such foundational basis, S.B. 12 is generally referred to as the Parents Bill of Rights.

While S.B. 12 contains approximately thirty-seven pages of specific affirmations of parents' rights, Plaintiffs only challenge four distinct provisions of S.B. 12. *See* Dkt. 32, ¶1; Dkt. 33 at pp. 2-3. More specifically, Plaintiffs allege S.B. 12 wrongfully "(1) bans all student organizations 'based on sexual orientation or gender identity"; (2) prohibits any reference to 'race, color, ethnicity, gender identity, or sexual orientation' in any policy, procedure, training, activity or program 'develop[ed] or implement[ed]' by a school employee, contractor, volunteer 'at, for, or on behalf of' a school; (3) bars employees from 'assisting' any student's social transition, including by providing 'any information' about this topic; and (4) prevents all educators and third parties from providing 'instruction, guidance, activities, or programming regarding sexual orientation or gender identity to students enrolled in prekindergarten through 12th grade.'" Dkt. 32, ¶1.

Because Plaintiffs are specifically challenging the constitutionality of SB 12, the State has the right to intervene in this cause of action to protect its validly implemented laws.

## ARGUMENT AND AUTHORITIES

The State respectfully requests that the Court allow it to intervene to ensure the rights of the State are protected in relation to SB 12. Plaintiffs' Amended Complaint raises federal questions under the First and Fourteenth Amendments to the United States Constitution as well as claims under the Federal Equal Access Act, 20 U.S.C. § 4071, and the State desires to enter the lawsuit to address the federal questions raised by Plaintiffs.

The State is an intervenor as a matter of right. A party must be allowed to intervene so long as they have either a statutory right to intervene or have an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or imped the movant's ability to protect its interest, unless existing adequately represent that interest. Fed. R. Civ. P. 24(a).[1] Here, the State's interest in upholding its laws would be impaired or impeded if it were not permitted to intervene as to the constitutional issues asserted by Plaintiff. Alternatively, the State requests it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b) as it has an unquestionable interest in the constitutionality of SB 12.

### A. The State is an Intervenor of Right.

The State has the right to intervene pursuant to 28 U.S.C. 2403(b). As detailed throughout this Motion, the constitutionality of SB 12 has been challenged by Plaintiffs. As a result, the State should be allowed to present argument, along with any requisite evidence, on the constitutionality of SB 12. Intervention is appropriate based on statutory authority and the State's interest in the litigation.

The Fifth Circuit has developed a four-prong test for determining whether an intervention is considered as of right: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the subject matter of the litigation; (3)

---

[1] The Office of the Attorney General previously represented Mike Morath, in his official capacity as Commissioner of the Texas Education Agency; however, the Court dismissed the claims against Mr. Morath due to Plaintiffs' lack of standing. Dkt. 89.

the applicant must be so situated that the outcome of the case may, as a practical matter, impair or impede the applicant's ability to protect that interest; and, (4) the interest must be one that is not adequately represented by the existing parties. *New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.,* 690 F.2d 1203, 1208 (5th Cir. 1982). Here, each factor weighs in support of the State's intervention as of right, and the State should be permitted to intervene.

### 1. **The Motion is Timely.**

This Motion is timely and filed without delay. Plaintiff filed suit on September 4, 2025, Dt. 1, and filed their First Amended Complaint on September 18, 2026. Dkt. 32. After the Defendants filed their respective responsive pleadings, the Court conducted an oral hearing on Plaintiffs' Request for a Preliminary Injunction. Dkt. 73. The Court issued its Order on February 12, 2026, wherein the Court dismissed Mike Morath, in his official capacity as Commissioner of the Texas Education Agency, granted a preliminary injunction, and ordered the school district defendants to file a statement of position on or before March 6, 2026, Dkt. 89, which was subsequently extended to March 13, 2026. Dkt. 92. Plano ISD, Houston ISD and Katy ISD then timely filed their position statements. Dkts. 94, 96 and 97, respectively. The school districts, collectively, indicated no intent to defend the constitutionality of SB 12. On the same day as the school district filed their position statements, the State of Texas filed a Notice of Appearance indicating its intent to file a Motion to Intervene and defend the constitutionality of SB 12. Dkt. 95.

When determining whether an intervention is timely, courts consider (1) the length of time during which the would-be intervenor actually knew or reasonable should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it know or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and, (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sommers v. Bank of Am., N.A.,* 835 F.3d 509, 512-13 (5th Cir. 2016). The timeliness of a mandatory intervention is "lenient." *See Rotstain v. Mendez,* 986 F.3d 931, 942 (5th Cir. 2021).

It has been approximately seven months since the lawsuit was filed, and approximately two months since the Court ruled on Defendants' Motions to Dismiss. Once the Court granted the Motion to Dismiss filed by Mike Morath, in his official capacity as Commissioner of the Texas Education Agency, Dkt. 57, who was represented by the Office of the Attorney General, there was not any party remaining that could or would represent the interests of the State of Texas. None of the parties have commenced any discovery, and Plaintiffs' interests are adequately protected by the preliminary injunction entered by the Court.

    **2. The State of Texas has an interest related to the subject matter of the litigation.**

The State certainly has an interest related to the subject matter of the litigation. An interest includes something that is direct, substantial and legally protectable. *See Saldano v. Roach,* 363 F.3d 545, 551 (5th Cir. 2004). State legislators have the authority to intervene in federal litigation challenging constitutionality of state law. *See Berger v. North Carolina State Conf. of the NAACP,* 597 U.S. 179, 191-92 (2022); *see also* Tex. Gov't Code § 402.021 (the Attorney General has the authority to prosecute all actions in which the State of Texas has an interest). States have a legitimate interest in the continued enforceability of their own statutes, and a federal court must respect the place of states in federal litigation. *See Cameron v. EMW Women's Surgical Center, PSC,* 595 U.S. 267, 277 (2022). In allowing Kentucky to intervene in *Cameron,* the Supreme Court emphasized that the right of states to defend their laws should not be "lightly cut off." *Id.* Here, Plaintiffs have directly challenged the constitutionality of SB 12, and the Court has entered a preliminary injunction preventing enforcement of certain provisions therein.

    **3. The State of Texas is so situated that it cannot protect its interest in SB 12's validity without intervention.**

As set forth in the Defendant ISD's respective Statements of Position, *supra* at p. 5, none of the currently remaining defendants intend to defend the constitutionality of SB 12. Indeed, the Court's Order entered on February 20, 2026, Dkt. 89, prohibits political subdivisions of the State from complying with the provisions of SB 12 circumventing the

Legislature's prerogative, and the State cannot protect that prerogative without intervening in this litigation.

Moreover, none of the defendants previously defended the constitutionality of SB 12 eliminating the need for the Court to reach any of the merits arguments previously asserted by the Office of the Attorney General once the Court determined Plaintiffs lacked standing to pursue their claims against Mr. Morath, in his official capacity. Since the Motion to Dismiss was filed by Mr. Morath, Dkt. 57, the Supreme Court issued its opinion in *Chiles v. Salazar,* 146 S.Ct. 1010 (2026) that further supports the constitutionality of SB 12, and the State intends to file its own Motion to Dismiss in accordance with standard briefing deadlines. *See* Dkt. 99.

4. **The State of Texas is not adequately represented by the parties to this suit.**

Finally, as the remaining Defendants have indicated, none have any intention of defending SB 12. Nor do any of the remaining Defendants intend to request representation by the Texas Attorney General. In fact, Plano ISD has filed a Statement of Position, Dkt. 94, indicating its position that some of the provisions of SB 12 are unconstitutional, along with a Joint Motion for Entry of Agreed Judgment and Preliminary Injunction, Dkt. 93. As Plano ISD agrees, at least in part, with Plaintiffs' claims, the Court is without jurisdiction to decide such claims as they are now moot. "The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky v. King*, 900 F.2d 864,

866 (5th Cir. 1990). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." *Id.* at 867. Absent a live controversy between Plaintiffs and Plano ISD, the Office of the Attorney General also intends to file a Motion to Dismiss such claims in accordance with standard briefing deadlines. Dkt. 99.

## CONCLUSION

For the reasons stated herein, the State of Texas respectfully requests to intervene in this matter to defend the constitutionality of Texas Senate Bill 12.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

/s/ William H. Farrell
**WILLIAM H. FARRELL**
Deputy Chief
Texas Bar No. 00796531
biff.farrell@oag.texas.gov
(512) 979-5561| FAX: (512) 320-0667
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
Phone: (512) 463-2120
Fax: (512) 320-0667

**COUNSEL FOR INTERVENOR**
**The State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the court's CM/ECF electronic-filing system on this May 1, 2026, on all counsel of record.

/s/ William H. Farrell
**WILLIAM H. FARRELL**
Assistant Attorney General